**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 15-cv-01403-RM

In re: 3PL4PL, LLC,

    Debtor.

JARED WALTERS, Chapter 7 Trustee of 3PL4PL, LLC, Debtor, BIA INVESTORS, L.L.C., a Colorado Limited Liability Company, SFCRT, L.L.C., a Colorado Limited Liability Company, and SFHT, L.L.C., a Colorado limited liability company

    Plaintiffs,

v.

BRIAN TUNER, an individual, JERRY GREENBERG, an individual, LORI SCHUYLER, an individual, RICHARD REPLIN, an individual, REPLIN FAMILY LLC, a Colorado limited liability company, CRESTCO HOLDINGS, LLC, a Colorado limited liability company, RON GUILLOT, an individual, KEVIN B. LYNCH, a resident of California, JOHN SNEDEGAR, a resident of California, JOHN SNEDEGAR, Trustee of the Apollos Company 401(k) Plan, JOHN SNEDEGAR, Trustee of the Apollos Pension and Profit Sharing Plan Trust, CHARLES R. WALKER, a resident of California, DAVID KLAWANS, a resident of California, PAUL T. LUBAR, a resident of California, GREGORY LUBAR, a resident of the District of Columbia, RICHARD G. SMITH, a resident of California, TIM WALKER, a resident of California, LOGISTICSFINANCE, INC., a California Corporation, HAYNES & BOONE LLP, a Texas partnership, SHERMAN & HOWARD LLC, a Delaware limited liability company, BERTRAND HERMAN WEIDBERG a resident of the State of California, ALLEN & VELLONE, P.C. a Colorado Corporation, and DOES nos. 1 through 3,

    Defendants.

# ORDER

This matter is before the Court on the "Joint Motion of Defendants Sherman & Howard L.L.C., Haynes and Boone, LLP, and Allen & Vellone, P.C., to Withdraw Automatic Reference to the Bankruptcy Court" (the "Joint Motion") (ECF No. 11), and the Motion to Withdraw Automatic Reference to the Bankruptcy Court (the "Motion") (ECF No. 1) filed by Bertrand Herman Weidberg (incorrectly named as Betrand Herman Weidberg) ("Mr. Weidberg") (the Joint Motion and Motion are hereafter, collectively, the "Motions"). The Motions request the Court to withdraw, in part, the automatic reference of this action under D.C.COLO.LCivR 84.1(a) and L.B.R. 5011-1. Plaintiffs filed a "Response to Motions to Withdraw the Reference" (ECF No. 12).

No party objects to the withdrawal of reference, and the parties who have submitted papers for the Court's consideration all request the Court to conduct the pretrial conference, the trial, and all post-trial matters. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Upon consideration of the Motions, the Response, the Court file, the applicable portions of the Bankruptcy Court file, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Motions are granted as stated herein as to the Sherman Firm, the Haynes Firm, and Mr. Weidberg, but denied as moot as to the Allen Firm.

## I.   BACKGROUND

On September 9, 2014, Plaintiffs BIA Investors, LLC, SFCRT, L.L.C, and SFHT, LLC (collectively, the "Creditors"), initiated an involuntary Chapter 7 bankruptcy case against Plaintiff/Debtor 3PL4PL, LLC. (Bankruptcy Case No. 14-22402-SBB, ECF No. 3.) On March 25, 2015, the bankruptcy trustee, Jared Walters, and the Creditors (collectively, "Plaintiffs") filed

an adversarial proceeding in the bankruptcy action against numerous defendants, including Mr. Weidberg and the law firms of Haynes and Boone, LLP (the "Haynes Firm"), Sherman & Howard L.L.C. (the "Sherman Firm"), and Allen & Vellone, P.C. (the "Allen Firm") (collectively, the "Law Firm Defendants"). (Case No. 15-01120-SBB, ECF No. 1.) On April 3, 2015, Plaintiffs filed an amended complaint. (Case No. 15-01120-SBB, ECF No. 5.)

Generally, the amended complaint alleges that Debtor borrowed money from the Creditors, and wrongfully transferred funds from certain bank accounts in which Creditors have a perfected security interest. Among other things, Plaintiffs seek to recover the amount equal to the identifiable proceeds from such wrongful transfers. The amended complaint contains 30 claims for relief, including claims seeking damages based on conversion, fraudulent conveyances, and/or preferential transfers against the Law Firm Defendants and Mr. Weidberg. There is no contention that these defendants have submitted a claim in the bankruptcy proceeding, and the Law Firm Defendants have affirmatively represented they have not done so.

On June 1, 2015, the Law Firm Defendants and Mr. Weidberg separately moved the district court to withdraw the automatic reference of the proceeding pending before the Bankruptcy Court. (ECF Nos. 1, 11.) Also on that date, the Sherman Firm, Haynes Firm, and Mr. Weidberg each filed a notice of jury demand on all issues so triable in this case. (ECF Nos. 6, 7, 13.) No jury demand was filed for the Allen Firm.[1] After the briefing was completed on the Motions, the Bankruptcy Court ordered that the Motions be referred to the District Court for further action. (ECF No. 4.) The case was ultimately assigned to this Court for resolution.

---

[1] The Joint Motion represents that each of the Law Firm Defendants were filing a jury demand contemporaneously but the Court was unable to locate a jury demand filed by the Allen Firm.

## II. ANALYSIS

Generally, pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a), cases under Title 11, and proceedings arising under or related to cases under Title 11, are initially referred to the bankruptcy judges for this district. The district court may, however, withdraw, in whole or in part, any case or proceeding referred "for cause shown." 28 U.S.C. § 157(d). In this case, the Law Firm Defendants and Mr. Weidberg (collectively, the "Movants") request withdrawal on two bases, the first of which is the right to a jury trial.

Specifically, the Movants assert they have a right to a jury trial on the claims seeking damages for conversion, fraudulent conveyances, and preferential transfers. The Court agrees that these claims are legal and, accordingly, the Movants are entitled to a jury trial on these claims. *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (right to jury for claim of conversion of personal property); *In re Aichinger*, No. 15-cv-00188-RBJ, 2015 WL 790536, at * 1 (D. Colo. Feb. 23, 2015) (unpublished) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43-46 (1989)) (claims for preferential or fraudulent transfers); *In re Foresight Applications & Systems Technologies, LLC*, No. 14-cv-02007-MSK (D. Colo. April 22, 2015) (unpublished) (fraudulent transfer claim). As such, cause has been shown for the withdrawal of the reference as the Bankruptcy Court is not authorized to conduct the jury trial demanded in this case. *See* 28 U.S.C. § 157(e) (bankruptcy judge may conduct jury trial only if specifically designated to do so by the district court and with the parties' express consent); *In re Aichinger*, 2015 WL 790536, at * 1.[2] Accordingly, as jury demands have been made by the Haynes Firm, the Sherman Firm, and Mr. Weidberg, the Motions are granted as to these defendants.

---

[2] In *In re Kaiser Steel Corp.*, 911 F.2d 380 (1990) and *In re Latimer,* 918 F.2d 136, 137 (10th Cir. 1990) the Tenth Circuit held that bankruptcy courts lack the power to conduct jury trials. These decisions, however, were issued before the 1994 amendment which added § 157(e) allowing jury trials under specific circumstances.

As the Court agrees that the right to a jury trial is sufficient cause shown for the withdrawal of the reference, it need not decide whether withdrawal may also be proper under the second basis asserted (claims neither derived from nor dependent upon bankruptcy law).  And, although the Court does not grant the Joint Motion as to the Allen Firm on the basis of the right to a jury trial, the Allen Firm nonetheless receives the relief it seeks as the order granting the Motions as to the other Movants withdraws the proceeding as to all parties.

Although the proceeding is withdrawn as to all parties, the proceeding is withdrawn only in part, largely as requested by the parities.  The Court finds the Bankruptcy Court should retain its authority to supervise and resolve all pretrial matters, including scheduling, discovery, non-dispositive motions, dispositive motions, and entry of a final pretrial order.  The Final Trial Preparation Conference, trial, and post-trial matters, however, will be before this Court.

### III.   CONCLUSION

Based on the foregoing, it is **ORDERED**

(1)   That the Joint Motion of Defendants Sherman & Howard L.L.C., Haynes and Boone, LLP, and Allen & Vellone, P.C., to Withdraw Automatic Reference to the Bankruptcy Court (ECF No. 11) is **GRANTED** as to Defendants Sherman & Howard L.L.C. and Haynes and Boone, LLP and **DENIED AS MOOT** as to Defendant Allen & Vellone, P.C.;

(2)   That Defendant Bertrand Herman Weidberg's Motion to Withdraw Automatic Reference to the Bankruptcy Court (ECF No. 1) is **GRANTED**;

(3)   That the automatic reference of this proceeding to the Bankruptcy Court is **WITHDRAWN only for the purpose of the Final Trial Preparation Conference, the Trial, and all post-trial matters.**  The Bankruptcy Judge shall retain jurisdiction over

the adversary proceeding for supervision and resolution of all pretrial matters, including scheduling, discovery, non-dispositive motions, dispositive motions, and entry of a final pretrial order; and

(4)     That upon the completion of the Final Pretrial Conference and issuance of the Final Pretrial Order, the parties shall jointly contact Chambers to set the case for a Final Trial Preparation Conference and Trial.

DATED this 9th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge